IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01612-BNB

DONALD GILLISON,

Plaintiff,

v.

GOVERNOR BILL RITTER,
TIM HAND,
NICOLE S. GELLAR,
JOHN W. SUTHERS,
DAVID MICHAUD,
CURTIS DEVIN,
ARISTEDES W. ZAVARAS,
ALLEN STANLEY,
A. EVANS,
ANGEL MEDINA, and
KEN HOFLICH,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 9 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Donald Gillison, is a prisoner in the custody of the Colorado Department of Corrections and is incarcerated at the correctional facility in Limon, Colorado. Mr. Gillison, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights are being violated. He asks for money damages.

The Court must construe the Complaint liberally because Mr. Gillison is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr.

Gillison will be ordered to file an Amended Complaint and assert how each named party violated his constitutional rights.

Mr. Gillison must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Gillison must name and show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. *See Dodds v. Richardson, et al.*, ___ F.3d ___, 2010 WL 3064002 (10th Cir. 2010) (Tymkovich, J., concurring).

Mr. Gillison also is instructed that to state a claim in federal court, he must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Gillison file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant Order. It is

2

FURTHER ORDERED that the Clerk of the Court mail to Mr. Gillison, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Gillison fails within the time allowed to file an Amended Complaint that complies with this Order, the action will be dismissed without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED September 9, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01612-BNB

Donald Gillison
Prisoner No. 103272
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/9/10

                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                      Deputy Clerk