IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01612-BNB

DONALD GILLISON,

    Plaintiff,

v.

BILL RITTER, Governor of Colorado,
JOHN W. SUTHERS, Colorado Attorney General,
NICOLE S. GELLAR, Deputy Attorney General,
TIM HAND, Director, Colorado Parole Board,
DAVID MICHAUD, Chairman, Colorado Parole Board,
CURTIS DEVIN, Colorado Parole Board,
ALLEN STANLEY, Colorado Parole Board, and
ARISTEDES W. ZAVARAS, Director, CDOC,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 12 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Donald Gillison, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Correctional Facility at Limon, Colorado. Mr. Gillison, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983. Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that Mr. Gillison failed to assert personal participation by properly named defendants. Mr. Gillison was directed to amend the Complaint and correct the deficiencies. On October 6, 2010, Mr. Gillison filed an Amended Complaint and asserted three claims, including a denial of his rights to due process, to equal protection, and to proper medical treatment. Mr. Gillison, however, again has failed to

assert how named defendants personally participated in the violation of his constitutional rights.

In Claim One, Mr. Gillison asserts that on February 21, 2007, he was denied the opportunity to be heard at a parole hearing because his case manager did not attend the hearing and present information on his behalf. Mr. Gillon further asserts that he was denied his right to challenge adverse information in his "working prison files" and that A. Evans has a conflict of interest and intentionally retaliated against him by saying "ugly things about his wife" before the hearing.

Federal habeas review of a parole board's decision is limited. A federal court reviews "the Parole Board's action for abuse of discretion, asking whether the Board's action resulted in an abridgement of the [plaintiff's] constitutional rights." **Wildermuth v. Furlong**, 147 F.3d 1234, 1236 (10th Cir. 1998) (internal quotation marks omitted); see **Schuemann v. Colo. State Bd. of Adult Parole**, 624 F.2d 172, 173 (10th Cir. 1980) (reviewing the parole board's decision to determine if it was arbitrary, capricious, or an abuse of discretion).

"[P]arole determinations inherently do not lend themselves to concrete and identifiable standards." **Schuemann**, 624 F.2d at 174. The decision whether to release an inmate on parole is "subtle and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release." **Greenholtz v. Inmates of Nebraska Penal and Correctional Complex**, 442 U.S. 1, 9-10 (1979). The decision turns on a "discretionary assessment of a multiplicity of imponderables." **Id.** at 10 (internal

quotation marks omitted and citation omitted).

Mr. Gillison fails to assert that the Parole Board's decision to deny his parole was arbitrary, capricious, or an abuse of discretion. Mr. Gillison does not state what his case manager would have stated had he attended the hearing or how A. Evans' comments were related to any information that was presented at the February 21 parole hearing. Mr. Gillison also fails to state how the actions of his case manager and A. Evans specifically affected the decision by the Parole Board to deny his parole.[1] Without more, Mr. Gillison fails to assert a violation of his due process rights at the February 21 parole hearing. The Court also notes that, even if Claim One is not legally frivolous, the claim appears to be barred by the statute of limitations. The Court, nonetheless, will dismiss the claim as legally frivolous.

In Claim Two, Mr. Gillison asserts that his equal protection rights were violated because Defendant Curtis Devin was not appointed by the Governor or confirmed by the Senate as chairman of the Parole Board at the time of his parole hearing. Mr. Gillison also asserts that Defendants Governor Bill Ritter, John W. Suthers, Aristedes W. Zavaras, David Michaud, Tim Hand, and Angel Meding (who is not named as a defendant in the caption of the Amended Complaint) did not "review Nicole S. Gellar's

---

[1] Although Mr. Gillison asserts in Claim One that A. Evans retaliated against him and stated "ugly things about his wife, before his parole hearing," "[m]ere allegations of constitutional retaliation will not suffice; plaintiff must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions"). Furthermore, A. Evans is not named as a party to this action in the caption of the Amended Complaint. Even if the Court were to consider A. Evans as a party to the action, because this person is listed in Section "A. Parties" of the Complaint form, Mr. Gillison fails to assert a retaliation claim against A. Evans.

3

professional vindictive prostitutional misconduct because plaintiff filing legal-action in the United States District Court, for being denied the same rights as similarly situated inmates that do not have mental handicap that is housed in the Colorado Department of Corrections; contrary to the Colorado Bill of Rights, [ ] and contrary to . . . clearly established federal law!"

Overall, Mr. Gillison's claims against Defendants Governor Bill Ritter, John W. Suthers, Aristedes W. Zavaras, David Michaud, Tim Hand, and Angel Meding in Claim Two fail to show that Mr. Gillison is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Gillison fails to set forth a short and plain statement showing that he is entitled to relief because of Defendant Gellar's actions. Mr. Gillison's claims regarding Defendant Gellar are rambling and unintelligible. Magistrate Judge Boland instructed Mr. Gillison in the September 9, 2010, Order to File Amended Complaint that to state a

4

claim in federal court a plaintiff must explain in the complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated, citing **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Gillison has failed to comply with **Nasious** in Claim Two with respect to what Defendant Gellar did to violate his equal protection rights. Furthermore, because Mr. Gillison fails to assert what Defendant Gellar did to violate his equal protection rights he fails to state an equal protection claim against Defendants Ritter, Suthers, Zavaras, Michaud, Hand, or Angel Meding, for not reviewing Defendant Gellar's alleged misconduct.

With respect to Mr. Gillison's assertion in Claim Two regarding the appointment of Defendant Devin to the Colorado Board of Parole, the Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. When considering an equal protection claim, the Court applies a rational basis test if "the challenged government action does not implicate either a fundamental right or a protected class." **Price-Cornelison v. Brooks**, 524 F.3d 1103, 1110 (10th Cir. 2008). A person's right to equal protection is violated when the government or its officials treat him differently than others who are similarly situated. See **City of Cleburne, Tex. v. Cleburne Living Ctr.**, 473 U.S. 432, 439 (1985); **Penrod v. Zavaras**, 94 F.3d 1399, 1406 (10th Cir. 1996). Equal protection, however, does not require that all people be treated identically. See **Hendking v. Smith**, 781 F.2d 850, 851 (11th Cir. 1986); **Zeigler v. Jackson**, 638 F.2d 776, 779 (5th Cir. 1981).

Mr. Gillison fails to demonstrate how the alleged failure by the governor to

appoint Defendant Devin to the Colorado Board of Parole, and the Senate to confirm the appointment, specifically violated his equal protection rights. Therefore, Claim Two will be dismissed as legally frivolous.

In Claim Three, Mr. Gillison's allegations are conclusory and vague. Mr. Gillison states that he was denied medical treatment at the DOC, was forced to endure torment by those holding him in custody, and was denied access to any programs due to his incompetence, but he does not say who was responsible for doing these acts. Magistrate Judge Boland instructed Mr. Gillison in the September 9, 2010, Order to assert personal participation in each of his claims by named defendants. Mr. Gillison has failed to comply with the September 9 Order with respect to Claim Three. Claim Three, therefore, will be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with a Court order. Accordingly, it is

ORDERED that the Complaint and action are dismissed. It is

FURTHER ORDERED that Claims One and Two shall be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Claim Three shall be dismissed pursuant to Fed. R. Civ. P. 41(b) without prejudice for failure to prosecute and comply with the September 9, 2010, Order.

DATED at Denver, Colorado, this __10th__ day of __November__, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01612-BNB

Donald Gillison
Prisoner No. 103272
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/12/10

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk